**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-175-RJC-DCK**

| | |
|---|---|
| **BENJAMIN E. DAVIS** and **ROBERTO F. GARCIA**, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| **MERRILL LYNCH & CO., INC.** and **MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.**, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER**

**THIS MATTER** comes before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement (the "Motion"), memorandum in support, and supporting documents. (Doc. Nos. 37 to 37-5, 38, 38-1).

WHEREAS, the above-captioned action is pending before this Court (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Litigation, in accordance with the Stipulation of Settlement dated February 8, 2016, (the "Stipulation"), (Doc. No. 37-1: Stipulation), which, together with the exhibits annexed thereto, (Doc. Nos. 37-2 to 37-5), set forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the

Stipulation. (Doc. No.

**IT IS, THEREFORE, ORDERED** that:

1. The Joint Motion for Preliminary Approval of Class Action Settlement, (Doc. No. 37), is **GRANTED**.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

4. The Court finds on a preliminary basis that the Settlement as set forth in the Stipulation falls within the range of reasonableness and therefore meets the requirements for preliminary approval. Upon Preliminary Approval of the Settlement, Defendant will implement the Programmatic Relief provisions of the Stipulation of Settlement. (Stipulation ¶ 3.3).

5. The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Litigation, including no effect upon the Litigation should the Stipulation not ultimately be approved or should the Effective Date not occur), a class defined as those individuals who:

   a. were employed by Merrill Lynch in the United States on September 15, 2008;

   b. participated in one or more of the Plans and/or ATP;

   c. either are employed by Merrill Lynch as of the day following the entry of this Order (the "Preliminary Approval Date") or were involuntarily terminated from employment by Merrill Lynch between January 1, 2009, and the Preliminary Approval Date; and

   d. either as of the day following the Preliminary Approval Date have or at the time

of their termination had unvested awards in one or more of the Plans and/or would have been eligible to receive remaining Unpaid ATP Bonus Amounts.

6. Class Members who fall into the following categories are eligible for the Payments to Participating Claimants described in Paragraph 3.1 of the Stipulation of Settlement and will receive the Class Notice:

   a. were involuntarily terminated between January 1, 2009, and the Preliminary Approval Date;

   b. subject to Paragraph 8.5 of the Stipulation, have not, on or before the Settlement Payment Date, been barred from the industry by the Financial Industry Regulatory Authority ("FINRA") or any other regulatory body arising from or related to conduct while an employee of Merrill Lynch (regardless of when that conduct was uncovered or when investigation into that conduct is initiated);

   c. subject to Paragraph 8.5, have not, on or before the Settlement Payment Date, been suspended by FINRA or any other regulatory body for more than one year arising from or related to conduct while an employee of Merrill Lynch (regardless of when that conduct was uncovered or when investigation into that conduct is initiated); and

   d. did not sign a release of claims for Change in Control vesting of awards under the Plans or for Unpaid ATP Bonus vesting due to a termination not for Cause where the individual or Defendants were represented by counsel for the Settling Parties in this Litigation or where the individual received greater monetary amounts as consideration for his or her release than they would have received under the Settlement Formula, or have not had claims under the Plans or for Unpaid ATP

Bonus vesting due to a termination not for Cause otherwise extinguished ("Monetary Relief Class Members").

7. Class Members who are employed by Merrill Lynch as of the day following the Preliminary Approval Date ("Injunctive Relief Class Members") are covered by the Programmatic Relief described in Paragraph 3.3 of the Stipulation only and will receive the Programmatic Relief Notice only.

8. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(2) and 23(b)(3) is appropriate in that, in the settlement context: (a) the Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all members of the Class, which questions predominate over individual issues; (c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs and their attorneys will fairly and adequately protect the interests of the Class; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and (f) the final injunctive relief is appropriate.

9. The Court appoints Plaintiffs Benjamin E. Davis and Roberto F. Garcia as Class Representatives and Michael S. Taaffe, Jarrod J. Malone, and Michael D. Bressan from the law firm of Shumaker, Loop & Kendrick, LLP as Class Counsel.

10. A hearing (the "Final Approval Hearing") shall be held before this Court on **August 29, 2016, at 9:30 a.m.**, at the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina 28202 to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as proposed in Paragraph 1.26 of the Stipulation should be

entered; and to determine any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representatives for their representation of the Class.

11. The Court approves the form, substance, and requirements of: the Notice of Proposed Settlement of Class Action (the "Class Notice"), the Settlement Claim Certification Form and Release ("Claim Form"), the Opt Out Statement as described in the Class Notice, and the Notice of Proposed Settlement of Class Action to Injunctive Relief Class Members (the "Programmatic Relief Notice") to be sent to the Injunctive Relief Class Members, as attached to the Motion as Exhibits 1-A and 1-B respectively. (Doc. Nos. 37-3, 37-4). The Court further finds that the form, content, and mailing of the Class Notice and Programmatic Relief Notice, substantially in the manner and form set forth in Paragraph 12 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

12. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court appoints Rust Consulting, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    a. No later than **thirty (30) days** from the Preliminary Approval Date, the Claims Administrator shall cause a copy of the Class Notice and the Claim Form, substantially in the forms attached as Exhibit 1-A to the Motion, (Doc. No. 37-3), to be mailed by first class mail to all Monetary Relief Class Members who can be identified with reasonable effort at their Last Known Address, and a copy of the Programmatic Relief Notice, substantially in the form attached as Exhibit 1-B to the Motion, (Doc. No. 37-4), to be mailed by first class mail to all Injunctive

Relief Class Members at their Last Known Address (the "Notice Mailing Date"). Additionally, the Claims Administrator shall cause a sample copy of the Class Notice and the Claim Form, substantially in the forms attached as Exhibit 1-A to the Motion, (Doc. No. 37-3), to be mailed by first class mail to all known counsel of Monetary Relief Class Members, other than Class Counsel, to inform them of the Settlement and the Class Members' receipt of the same;

b. Within **ten (10) days** of the Notice Mailing Date, the Claims Administrator shall serve on counsel and file with the Court proof, by affidavit or declaration, of such mailing.

13. Defendants shall be solely responsible for all reasonable fees, costs, and expenses incurred by the Claims Administrator in identifying and notifying members of the Class.

14. The Settlement Formula is preliminarily approved as, in all respects, fair, reasonable, and adequate to the Monetary Relief Class Members.

15. The Programmatic Relief is preliminarily approved as, in all respects, fair, reasonable, and adequate to the Injunctive Relief Class Members.

16. Monetary Relief Class Members who wish to receive a settlement payment, must complete, sign, and return the Claim Form in accordance with the instructions contained therein. All Claim Forms must be received no later than **ninety (90) days** from the Notice Mailing Date. Any Monetary Relief Class Member who does not timely and validly submit a Claim Form within the time provided shall be barred from receiving a settlement payment, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, in accordance with Paragraph 7.8 of the Stipulation, the Settling Parties shall have the discretion to accept late submitted Claim Forms for processing by

the Claims Administrator.

17. Any Member of the Class who does not Opt Out of the Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. Class Members who do not enter an appearance will be represented by Class Counsel.

18. Any Monetary Relief Class Member may, upon request, Opt Out and be excluded from the Class. Any such Person must submit to the Claims Administrator, <u>Davis, et al. v. Merrill Lynch & Co., Inc., et al.</u>, Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 2396, Faribault, MN 55021-9096, an Opt-Out Statement, no later than **ninety (90) days** after the Notice Mailing Date. An Opt-Out Statement must be fully completed and, signed personally by the individual Monetary Relief Class Member seeking to Opt Out of the Settlement Class. All Monetary Relief Class Members who submit valid and timely Opt-Out Statements in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not receive any settlement payment, and shall not be bound by the Stipulation or any Judgment. Injunctive Relief Class Members cannot Opt Out of the Settlement.

19. All Monetary Relief Class Members who do not Opt Out of the Settlement Class by properly and timely submitting an Opt-Out Statement and all Injunctive Relief Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

20. Any Monetary Relief Class Member who does not timely and validly Opt Out of the Settlement Class and any Injunctive Relief Class Member may appear and show cause, if he or she has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon; provided,

however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless he or she files a written objection with the Clerk of Court of the United States District Court for the Western District of North Carolina, 401 West Trade Street, Room 210, Charlotte, North Carolina, 28202 within **ninety (90) days** of the Notice Mailing Date.  Copies of said objection must also be received within **ninety (90) days** of the Notice Mailing Date by: (1) the Claims Administrator, <u>Davis, et al. v. Merrill Lynch & Co., Inc., et al.</u>, Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 2396, Fairbault, MN 55021-9096; (2) Class Counsel for Class Representatives, Michael S. Taaffe, Shumaker, Loop & Kendrick, LLP; 240 South Pineapple Avenue, 10th Floor, Sarasota, Florida 34236; and (3) Counsel for Defendants, Sam S. Shaulson, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178.  The objection must set forth, in clear and concise terms: (a) a statement of each objection asserted; (b) a detailed description of the facts underlying each objection; (c) any documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (d) if the objector is represented by counsel, a detailed description of the legal authorities supporting each objection; (e) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (f) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (g) a statement of whether the objector intends to appear at the hearing; and (h) a copy of any exhibits which the objector may offer during the hearing.  Any Member of the Class who does not make his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever

be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court.

21. The Motion for Final Approval of the Settlement and Class Counsel's application for attorneys' fees, costs, and plaintiff enhancements shall be filed and served no later than **thirty (30) calendar days** prior to the Final Approval Hearing, and any response papers shall be filed and served **fifteen (15) calendar days** prior to the Final Approval Hearing.

22. Neither Defendants nor the Releasees shall have any responsibility for any application for attorneys' fees or expenses submitted by the Class Representatives and Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. At or after the Final Approval Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any award to the Class Representatives for their representation of the Class, should be approved.

24. Neither this Order, the fact that a Settlement was reached and filed, the Stipulation nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. In no event shall this Order, the fact that a Settlement was reached and filed, the Stipulation, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, or admitted in the Litigation, in any other action, or in any judicial, administrative, regulatory, arbitration (including but not limited proceedings before FINRA, the American Arbitration Association ("AAA"), or JAMS), or other proceeding, or in any

proceeding in support of class or collective treatment or class certification, by any person or entity, except by the parties in a proceeding to enforce the Stipulation. Notwithstanding the foregoing, Defendants may use, offer, admit, or refer to the Stipulation and to the Settlement reached therein where necessary to defend themselves in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding.

25. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

26. All proceedings in this Litigation are **STAYED** until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

27. Pending final determination of whether the Settlement should be approved, and upon expiration of the Notice Response Deadline, all Monetary Relief Class Members who do not timely and validly Opt Out of the Settlement Class, and anyone who purports to act on their behalf, shall not maintain, commence, prosecute, or pursue either directly, representatively, or in any other capacity, any Released Claim, including in any court or arbitration forum, including but not limited to FINRA, AAA, or JAMS.

28. If: (a) the Stipulation is terminated by Defendants as provided in Paragraph 14 of the Stipulation; or (b) any specified material term or condition of the Settlement as set forth in the Stipulation is not satisfied as provided in Paragraph 14 of the Stipulation, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or

entity and shall be treated as vacated, nunc pro tunc (except Paragraph 24 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Litigation as it existed prior to the execution of the Stipulation.

29. By entering this Order, the Court does not make any determinations as to the merits of this case.

30. The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Stipulation and the Settlement described therein.

31. The Schedule for Final Approval shall be as follows:

| Event | Deadline |
|---|---|
| Deadline for Class Notices and Claim Forms to be mailed to Class members[1] | Thirty (30) days from the entry of this Order (the "Preliminary Approval Date") |
| Deadline for Claims Administrator to file proof of mailing | Ten (10) days from the Notice Mailing Date |
| Deadline for Claims or Opt-Out Forms to be received by Claims Administrator | Ninety (90) days from the Notice Mailing Date |
| Deadline to file objections to the Settlement | Ninety (90) days from the Notice Mailing Date |
| Deadline for Plaintiffs to file their Motion for Final Approval of the Settlement and for attorneys' fees, costs, and plaintiff enhancements | Thirty (30) days before the Final Approval Hearing |
| Deadline to file any response papers regarding Plaintiffs' Motion for Final Approval of the Settlement and for attorneys' fees, costs, and plaintiff enhancements | Fifteen (15) days before the Final Approval Hearing |
| Final Approval Hearing | August 29, 2016, at 9:30 a.m. |

Signed: March 22, 2016

Robert J. Conrad, Jr.
United States District Judge

---

[1] The date upon which Class Notices and Claim Forms are mailed shall establish the Notice Mailing Date.